PER CURIAM.
The Florida Bar’s Juvenile Court Rules Committee (Committee) has fíled a “fast-track” out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure in order to implement recent legislation. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction.[1]
The Committee proposes amendments to rules 8.060 (Discovery); 8.095 (Procedure When Child Believed to be Incompetent or Insane); 8.185 (Correction of Disposition or Commitment Orders); 8.255 (General Provisions for Hearings); 8.345 (Post-Disposition Relief); 8.425 (Permanency Hearings); and Form 8.947 (Disposition Order — Delinquency). The majority of the proposals are in response to recent statutory amendments. See ch.2012-81, § 1, Laws of Fla. (amending § 39.802(4)); ch.2012-84, § 2, Laws of Fla. (amending § 20.19, Fla. Stat.); eh.2013-21, § 3, Laws of Fla. (creating § 39.522(3), Fla. Stat.); ch. 2013-107 (amending § 90.702, Fla. Stat.); ch.2013-112, §§ 3, 4, Laws of Fla. (amending §§ 985.032, 985.455(1), Fla. Stat.); ch. 2013-162 (amending various statutes); § 790.22(9), Fla. Stat. The Board of Governors of The Florida Bar unanimously approved the proposals.
After considering the proposed amendments and reviewing the relevant legislation, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 8.060. DISCOVERY
(a) Notice of Discovery.
(1) [No Change]
(2) Within 5 days of service of the child’s notice of discovery, the petitioner shall serve a written discovery exhibit which shall disclose to the child or the *1130 child’s counsel and permit the child or the child’s counsel to inspect, copy, test, and photograph the following information and material within the petitioner’s possession or control:
(A) A list of the names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations, to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.402(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i) Category A. These witnesses shall include
(a)-(f) [No Change]
(g) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testifyto test results or give opinions that will have to -meet the test set forth -in-Frye v? -U-nited States 293 F. 1013 (D.C.Cir.1923).
(ii) [No Change]
(B)-(K) [No Change]
(3)-(5) [No Change]
(b)-(m) [No Change]
Court Commentary
[No Change]
RULE 8.095. PROCEDURE WHEN CHILD BELIEVED TO BE INCOMPETENT OR INSANE
(a) Incompetency At Time of Adjudicatory Hearing or Hearing on Petition Alleging Violation of Juvenile Probation in Delinquency Cases.
(IKS) [No Change]
(4)Child Found Incompetent to Proceed. If at the hearing provided for in subdivision (a)(2) the child is found to be incompetent to proceed, the child must be adjudicated incompetent to proceed and may be involuntarily committed as provided by law to the Department of Children and Family Servicesies for treatment upon a finding of clear and convincing evidence that:
(A) The child is mentally ill or mentally — retardedintellectually disabled and because of the mental illness or retardationintellectual disability of the child:
(i)-(ii) [No Change]
(B) [No Change]
(5) [No Change]
(6) Commitment. Each child who has been adjudicated incompetent to proceed and who meets the criteria for commitment in subdivision (a)(4) must be committed to the Department of Children and Family Servicesies. The department must train or treat the child in the least restrictive alternative consistent with public safety. Any commitment of a child to a secure residential program must be to a program separate from adult forensic programs. If the child attains competency, case management and supervision of the child will be transferred to the Department of Juvenile Justice to continue delinquency proceedings. The court retains authority, however, to order the Department of Children and Family Servicesies to provide continued treatment to maintain competency.
(A) A child adjudicated incompetent because of mental retardationintellec-tual disablity may be ordered into a program designated by the Department of Children and Family Service-sies for retardedintellectually disabled children.
*1131 (B) A child adjudicated incompetent because of mental illness may be ordered into a program designated by the Department of Children and Family Servicesies for mentally ill children.
(7) [No Change]
(8) Treatment Alternatives to Commitment. If a child who is found to be incompetent does not meet the commitment criteria of subdivision (a)(4), the court shall order the Department of Children and Family- Servicesies to provide appropriate treatment and training in the community. All court-ordered treatment must be in the least restrictive setting consistent with public safety. Any residential program must be separate from an adult forensic program. If a child is ordered to receive such services, the services shall be provided by the Department of Children and Family Servicesies. The competency determination must be reviewed at least every 6 months, or at the end of any extended period of treatment or training, and any time the child appears to have attained competency or will never attain competency, by the service provider. A copy of a written report evaluating the child’s competency must be filed by the provider with the court, the Department of Children and Family Servicesies, the Department of Juvenile Justice, the state, and counsel for the child.
(9) [No Change]
(b) [No Change]
(c) Appointment of Expert Witnesses; Detention of Child for Examination.
(1) — (3) [No Change]
(4) For competency evaluations related to mental retardationintellectual disability, the court shall order the Developmental Services Program Office of the Department of Children and Family Servicesies to examine the child to determine if the child meets the definition of retardationintellectual disability in section 398.063, Florida Statutes, and, if so, whether the child is competent to proceed or amenable to treatment through the Department of Children and Family Servicesies’ retardationintellec-tual disability services or programs.
(d) Competence to Proceed; Scope of Examination and Report.
(1) [No Change]
(2) Treatment Recommendations. If the experts find that the child is incompetent to proceed, they shall report on any recommended treatment for the child to attain competence to proceed. A recommendation as to whether residential or nonresidential treatment or training is required must be included. In considering issues related to treatment, the experts shall report on the following:
(A) The mental illness, mental re-tardationintellectual disability, or mental age causing incompetence.
(B) The treatment or education appropriate for the mental illness or mental retardationintellectual disability of the child and an explanation of each of the possible treatment or education alternatives, in order of recommendation.
(C)-(E) [No Change]
(3)-(5) [No Change]
(e) Procedures After Judgment of Not Guilty by Reason of Insanity.
(1) [No Change]
(2) After finding the child not guilty by reason of insanity, the court shall conduct a hearing to determine if the child presently meets the statutory criteria for involuntary commitment to a residential psychiatric facility.
*1132 (A) If the court determines that the required criteria have been met, the child shall be committed by the juvenile court to the Department of Children and Family Servicesies for immediate placement in a residential psychiatric facility.
(B)-(G) [No Change]
RULE 8.135. CORRECTION OF DISPOSITION OR COMMITMENT ORDERS
(a) [No Change]
(b) Motion to Correct Disposition or Commitment Error. A motion to correct any disposition or commitment order error, including an illegal disposition or commitment, may be filed as allowed by this subdivision. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the error would benefit the child or to correct a scrivener’s error.
(1) Motion Before Appeal. During the time allowed for the filing of a notice of appeal, a child, the state, or the department may file a motion to correct a disposition or commitment order error.
(A) This motion stays rendition under Florida Rule of Appellate Procedure 9.020(hXi).
(B) [No Change]
(2) [No Change]
RULE 8.255. GENERAL PROVISIONS FOR HEARINGS
(a)-(h) [No Change]
(i) Advising Parents. At any hearing when it has been determined that reunification is not a viable alternative, and prior to the filing of the petition for termination of parental rights, the court shall advise the parent of the availability of private placement of the child with an adoption entity as defined in Chapter 63, Florida Statutes.
Committee Notes
[No Change]
RULE 8.345. POST-DISPOSITION RELIEF
(a) Motion for Modification of Placement. A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. If neither the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing. If the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem object to the change of placement, the court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.
(1) In cases in which the issue before the court is whether a child should be reunited with a parent, and the child is currently placed with someone other than a parent, the court must determine whether the parent has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home.
*1133 (2) In cases in which the issue before the court is whether a child who is placed in the custody of a parent should be reunited with the other parent upon a finding of substantial compliance with the terms of the case plan, the court must determine that the safety, well-being, and physical, mental, and emotional health of the child would not be endangered by reunification and that reunification would be in the best interest of the child.
(b)[No Change]
RULE 8.425. PERMANENCY HEARINGS
(a) [No Change]
(b) Determinations at Hearing.
(1) — (3) [No Change]
(4) If the court approves a permanency goal of adoption, the court shall advise the parents of the availability of private placement of the child with an adoption entity, as defined in chapter 63, Florida Statutes.
(c) [No Change]
(d) Permanency Order.
(1) — (2) [No Change]
(3) If the court approves a permanency goal of adoption, the order approving this goal shall include a provision stating that the court advised the parents of the availability of private placement of the child with an adoption entity as defined in chapter 63, Florida Statutes, during the permanency hearing.
(34) If the court approves a permanency goal of permanent guardianship of a dependent child, placement with a fit and willing relative, or another planned permanent living arrangement, the court shall make findings as to why this permanent placement is established without adoption of the child to follow. The department and the guardian ad litem must provide the court with a recommended list and description of services needed by the child, such as independent living services and medical, dental, educational, or psychological referrals, and a recommended list and description of services needed by his or her caregiver.
(45) If the court establishes a permanent guardianship for the child, the court’s written order shall
(A)-(E) [No Change]
(56) The court shall retain jurisdiction over the case and the child shall remain in the custody of the permanent guardian unless the order creating the permanent guardianship is modified by the court. The court shall discontinue regular review hearings and relieve the department of the responsibility for supervising the placement of the child. Notwithstanding the retention of jurisdiction, the placement shall be considered permanency for the child.
(67) If the court permanently places a child with a fit and willing relative, the court’s written order shall
(A)-(D) [No Change]
(78) If the court establishes another planned permanent living arrangement as the child’s permanency option:
(A)-(D) [No Change]
(e)-(f) [No Change]
FORM 8.947 DISPOSITION ORDER-DELINQUENCY
*1134 DISPOSITION ORDER
A petition was filed on.(date).alleging.(name)...age, to be a delinquent child. The court finds that it has jurisdiction of the proceedings.
Present before the court were:
the child;
.(name).Assistant State Attorney;
.(name).. Assistant Public Defender/defense attorney;
.(name)., guardian;
.(name).. DJJ juvenile probation officer.
At the hearing on.(date).after.entry of a plea/an adjudicatory hearing.. the child was found to have committed the delinquent acts listed below:
Count Count Count Count
Charge .
Lesser .
Maximum .
Degree
Guilty .
Nolo contendere .
Nolle prosse .
Adjudicated .
Adj. withheld .
The predisposition report was.received and considered/waived by the child.
The court, having considered the evidence and comments offered by those present, having inquired, and being otherwise fully advised in the premises ORDERS THAT:
Adjudication of delinquency is withheld.
The child is adjudicated delinquent,
. The child is committed to a.licensed child caring agency.the Department of Juvenile Justice for placement in:
. a minimum-risk nonresidential commitment program, for an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first.
*1135 a . low- or . moderate-risk commitment program, for an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because:
. die child is before the court for disposition of a felony;
. the child has previously been adjudicated for a felony offense;
. the child previously has been adjudicated or had adjudication withheld for three or more misdemeanor offenses;
. the child is before the court for disposition for a violation of sections 800.03, 806.031, or 828.12, Florida Statutes; or
. the court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. The facts supporting this finding are:.
a high-risk commitment program for an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child is before the court for disposition of a felony.
a maximum-risk commitment program, for an indeterminate period, but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first, because the child meets the criteria in section 985.465 or 985.494, Florida Statutes.
The child is allowed.days credit for time spent in secure detention or incarceration before this date.
The child shall be placed on
. home detention.with/without.electronic monitoring until placement.
. secure detention until placement.
The court has orally pronounced its reasons for adjudicating and committing this child.
The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law.
The child is placed on post-commitment juvenile probation for an indefinite period not to exceed the child’s 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.
JUVENILE PROBATION: The child is .....placed on/continued in.juvenile probation under supervision of.the Department of Juvenile Justice/.(name).and
*1136 . the court having withheld adjudication of delinquency, for an indefinite period not to exceed the child’s 19th birthday.
. the court having adjudicated the child delinquent, for an indefinite period not to exceed the child’s 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, except for a second degree misdemeanor, six months, whichever comes first.
DISMISS: The case is dismissed.
Disposition on each count is.concurrent/consecutive.
This case disposition is.concurrent/consecutive.... with case number.
GENERAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the following conditions:
1. The child shall obey all laws.
2. The child shall be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.
3. The child shall not change or leave.his/her.... residence, school, or place of employment without the consent of.his/her..... parents and juvenile probation officer.
4. The child shall answer truthfully all questions of.his/her..... juvenile probation officer and carry out all instructions of the court ana juvenile probation officer.
5. The child shall keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.
6. The child shall not use or possess alcoholic beverages or controlled substances.
SPECIAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the conditions marked below:
Restitution is ordered. Parent and child are responsible.jointly and severally.
Amount is reserved.
$.to be paid to.(name).Payments shall begin.(date).and continue at the rate of S.each month.
The court retains jurisdiction under Chapter 985, Florida Statutes, to enforce its restitution order, regardless of the age of the child.
Community Service.hours are to be performed by the child at the rate of.hours per month. Written proof is to be provided to the juvenile probation officer.
A letter of apology to be written by the child to.(name).within.days. The letter must be a minimum of.words.
A.word essay to be written by the child on.(subject).... and provided to the juvenile probation officer within 30 days.
The child may have no.contact with victim($),.(name(s)).
*1137 A.mental health/substance abuse.evaluation to be completed by the child within.days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment.
The parent(s).is/are.to complete counseling in.
A curfew is set for the child at.p.m. Sunday through Thursday and.p.m. Friday and Saturday.
The child’s driver’s license is suspended/ revoked/withheld for (time period).
The child is to complete a.detention/jail/ prison.... tour within.days.
The child will be subject to random urinalysis.
The child will be electronically monitored.
The child will successfully complete all sanctions of the original juvenile probation order.
Other:.
The child must pay court costs of $.. as specified below.
GUN CHARGES
The court finds that one of the above charges involves the use or possession of a firearm and further ORDERS the following:
. The child’s driver’s license is.suspended/ revoked.for.1/2.years.
. The child is to serve ⅞4815/21.... days in the Juvenile Detention Center?, and shall not. receive credit for time served prior to adjudication.
THE COURT FURTHER FINDS AND ORDERS:
. The child must:
. oav S.(no less than S50 per case when a misdemeanor offense is charged) or $.(no less than S100 per case when a felony offense is charged), the costs of prosecution and investigation, under sections 938.27 and 985.032. Florida Statutes.
. pay $.the Victim's Crime Compensation Trust Fund fee, under section 938.03, Florida Statutes;
. pay $. the Teen Court cost, under section 938.19, Florida Statutes (if authorized by county ordinance);
. pay $., the Public Defender application fee, under section 27.52, Florida Statutes;
. pay $. the Public Defender attorney fee, under section 938.29, Florida Statutes;
. pay $. other costs, under section(s).. Florida Statutes.
. The child has been adjudicated delinquent and the child is required to pay $.an Additional cost, under section 939.185, Florida Statutes, if authorized by county ordinance.
*1138 . The child has been adjudicated delinquent and assessed a fíne and the child is required to pay $.to the Crime Prevention Trust Fund, under section 775.083(2), Florida Statutes.
. The child has committed an enumerated crime against a minor and the child is required to pay $.. under section 938.10, Florida Statutes.
. The child has violated chapter 794, Florida Statutes (sexual battery) or chapter 800 (lewd or lascivious) and is ordered to make restitution to the Crimes Compensation Trust Fund under section 960.28(5), Florida Statutes, for the cost of the forensic physical examination.
. The child has the inability to pay all court costs, including costs of prosecution, public defender application fees and costs of representation, and shall perform.hours of community service in lieu of these costs and fees.
. The child .....has been adjudicated delinquent/has entered a pica of no contest/has entered a plea of guilty.to a felony or an enumerated misdemeanor, and the child is required to submit specimens under section 943.325, Florida Statutes.
. Under section 985.039, Florida Statutes:
the parent/legal guardian.(name).shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $5 per day for each day the child is in residential commitment.
the parent/legal guardian.(name).shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $1 per day for each day the child is on probation, nonresidential commitment, or conditional release.
the parent/legal guardian.(name)., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, a REDUCED fee of $.per day for each day the child is in the custody of or supervised by the department. This reduced fee is based on the court’s finding:
that the parent/iegal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
of indigency or significant financial hardship. The facts supporting this finding are:
The cost of care/supervision fee is WAIVED based on the court’s finding:
that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
of indigency or significant financial hardship. The facts supporting this finding are:
*1139 . The parent/guardian,.(name)...(address).. shall be liable for.% of the payment. The parent/guardian.(name).(address).. shall be liable for.% of the payment.
The child is placed on notice that the court may modify the conditions of .....his/her.... juvenile probation at any time and may revoke the juvenile probation if there is a violation of the conditions imposed.
The parties are advised that an appeal is allowed within 30 days of the date of this order.
DONE AND ORDERED in .(city)., . County, Florida on .(date).. at . a.m./p.m.
Circuit Judge
Copies to:

. Art. V, § 2(a), Fla. Const.

. All comments must be filed with the Court on or before December 2, 2013, with a certificate of service verifying that a copy has been served on the Committee Chair, Whitney M. Untiedt, 35 North Main Street, Gainesville, Florida 32601-5323, untiedtw@pdo8.org, and on the Bar Staff Liaison to the Committee, Ellen Sloyer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, esloyer@flabar. org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 23, 2013, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.